375 S.E.2d 204

James M. ROBINSON

v.

Mary Martha MERRITT in her Capacity as Commissioner, Workers' Compensation Fund.

No. 18213.

Supreme Court of Appeals of West Virginia.

Nov. 17, 1988.

Linda Rice, Baer, Robinson & Colburn, Huntington, for James M. Robinson.

Charles G. Brown, Atty. Gen., Richard Hull, Asst. Atty. Gen., Witcher McCullough, Director, Legal Div., for Mary Martha Merritt.

BROTHERTON, Justice:

This case is before the Court on appeal filed by the appellant, James M. Robinson, from the decision of the Circuit Court of Kanawha County, which denied Robinson the right to obtain copies of certain microfiche maintained by the Workers' Compensation Fund. The appellant sought access to those records pursuant to the West Virginia Freedom of Information Act, W.Va. Code § 29B–1–1, et seq. (1986). This case presents the issue of whether the microfiche maintained by the Workers' Compensation Fund, which contain names, addresses, employer information, and information regarding the type of injury sustained, of numerous injured workers, are exempt from disclosure under the Freedom of Information Act.

The appellant is an attorney practicing in Huntington, West Virginia, who represents injured workers in claims before the Workers' Compensation Commission. On November 19, 1985, the appellant made a general request for copies of certain microfiche from Mary Martha Merritt, then Commissioner of the Workers' Compensation Fund, pursuant to the West Virginia Freedom of Information Act. The request was not made in connection with a particular client. The microfiche sought contained the claims information of as many workers' compensation claimants as could fit on each microfiche sheet. The Commissioner denied his request, maintaining that the records requested were not subject to disclosure under the Freedom of Information Act and noting that as his client's authorized representative, Robinson already had access to all of his clients' records.

The appellant seeks the following records:

1. One thousand two hundred and thirteen microfiche labeled "Purged Records", which contain each claimant's name, address, social security number, and employer's name and address, of numerous claimants as well as the date, type, and nature of the claimant's injury, the amount of the bill paid, the amount of time off due to the disability, the claimant's earnings for the two, six, and twelve months prior to the injury, and the daily rate of pay on the date of injury;

2. Twenty microfiche labeled "PPD Cards," which contain a listing of all permanent partial disability awards, permanent total disability awards, and fatal awards for the years from 1913 until approximately 1981. The microfiche reveal each claimant's name, date of injury, type of award, claim number, employer's name, and generally, the type of injury; and

3. One hundred ninety-one microfiche labeled "CD–15 Cards," also known as the "Alpha List." The microfiche contain information from 1930 until approximately 1972 on numerous claimants, including information about each claimant's claim number, date of injury, employer's name, and generally, the type of injury.

The appellant then filed an appeal to the Circuit Court of Kanawha County, requesting that the court enjoin the Commission from withholding copies of the microfiche in question.

An evidentiary hearing was held on September 10, 1986, before the Circuit Court of Kanawha County. At that time, the appellant argued that he represented persons of limited education and intelligence, who are often unable to recall all the injuries which had occurred during their working career. In order to provide them adequate representation, he contended he needed frequent and complete reference to the microfiche in question. The appellant conceded that the microfiche may well contain information of a psychiatric nature.

The Commissioner countered that not only was the information sought already

available to the appellant, but was also of a personal nature such as that kept in a medical or personnel file, and that the release of that information would constitute an unwarranted invasion of privacy. Consequently, the Commissioner argued that the microfiche in question was exempt from disclosure under W.Va.Code § 29B–1–4(2) (1986).

The parties stipulated below that representatives of both employers and claimants were given access to all previous claims filed by an individual. The representative was permitted to review the claims files and, if desired, obtain copies of the documents, records, exhibits, and transcripts contained within the individual's files.[1] Further, a representative is also given access to the microfiche which the appellant currently seeks. The representative may review the microfiche, but may not make a copy of the microfiche. It is important to note that each microfiche contains the claims information of as many claimants as can fit on the individual microfiche sheet, not just one individual. Thus, by obtaining a copy of the microfiche, the appellant would have access to the records of numerous claimants.

By order dated November 15, 1986, Judge Bronson denied the appellant access to the microfiche, finding that a release of the microfiche would amount to an unreasonable invasion of privacy and that the public interest did not require disclosure in this situation. In pertinent part, Judge Bronson found that:

1. The Commissioner was the custodian of the records in question,

    *     *     *     *     *     *

3. The records contained on the microfiche pertained to nearly three and one-half million claims,

4. The Workers' Compensation Fund, through its employees, had promulgated Rule 18.01, which stated in part that all proceedings, orders and awards of the Commissioner are public records and subject to inspection to all who have a legitimate interest therein,

5. Employers or their representatives may get records on all claims previously filed by an individual upon showing that the individual had filed at least one claim arising out of his employment with that said employer and in addition said employer of the representatives may receive a list of all previous claims filed by an individual and copies of the documents, records, exhibits and transcripts contained in the other claims filed against the same employer or claims filed with another employer. A claimant's representative is likewise entitled to review all previous claims and obtain copies therefrom to the same extent as the employer upon representation of a signed authorization for release of the information,

6. If an employer or its representative shows that an individual has filed a workers' compensation claim arising out of employment with said employer, that employer or its representative is given access to the aforementioned microfiche for the purpose of doing what is commonly called an "injury profile" or research of records to determine all records filed by the claimant. The claimant or his representative is also authorized and granted access to the microfiche to research for the purpose of an "injury profile,"

7. By letter dated November 19, 1985, the appellant did make a request pursuant to the West Virginia Freedom on Information Act, requesting the right to inspect and copy 1,213 microfiche labeled purged records and 20 microfiche labeled PPD Award Cards,

8. By letter dated December 23, 1985, the Commissioner denied the request for reasons of privacy,

    *     *     *     *     *     *

11. The record revealed that the required record is kept and that the information contained therein is, in fact, made available to the appellant,

12. The subject records and information contained thereon, while they may be "public records" as defined by W.Va. Code § 29B–1–1, et seq., clearly contain

---

**1.** *See* Record, Stipulation No. 6 at pp. 23–24.

information of a personal nature such as that kept in a very personal medical or a similar file, and as such is exempt from disclosure by the express provisions of W.Va.Code § 29B–1–4(2),

13. That a release of this information to the general public would amount to an unreasonable invasion of privacy, and

14. There had been no evidence presented that this would establish clearly and convincingly that the public interest required disclosure in this situation.

The issue before us today is whether the microfiche, which contain information regarding names, addresses, employers, wages, and types of injuries on numerous injured workers are exempt from disclosure under the West Virginia Freedom of Information Act. For the reasons set out below, we affirm the circuit court's decision and hold the information is exempt from disclosure.

The West Virginia Freedom of Information Act, W.Va.Code § 29B–1–1, et seq. (1986), provides for the release of all public records to any person, unless otherwise expressly prohibited by section four of the Act.[2] There is no dispute that the records of proceedings maintained by the Workers' Compensation Fund are public records pursuant to W.Va.Code § 23–1–4 (1985).[3] Further, the Workers' Compensation procedural rule 18.01 provides that "[a]ll proceedings, orders and awards of the Commissioner are public records and subject to inspection by all who have a legitimate interest therein."

While we recognize the public nature of the records sought, the appellant's assertion that the Act entitles him to the microfiche copies ignores the limitations of W.Va.Code § 29B–1–4(2) (1986). The controlling clause exempts from disclosure under the Act the following:

(2) Information of a personal nature such as that kept in a personal, medical

or similar file, if the public disclosure thereof would constitute an unreasonable invasion of privacy, unless the public interest by clear and convincing evidence requires disclosure in the particular instance. . . .

■ In *Hechler v. Casey,* 175 W.Va. 434, 333 S.E.2d 799 (1985), we interpreted W.Va. Code § 29B–1–4(2) (1986) to require a balancing of the public's right to know against the individual's right to privacy. *Id.* at syl. pt. 7. We noted the primary purpose of the privacy exemption was to protect individuals from the injury and embarrassment which could result from the unnecessary disclosure of personal information. *Id.,* 333 S.E.2d at 809.

■ This Court further refined the analysis of W.Va.Code § 29B–1–4(2) (1986) in *Child Protection Group v. Cline,* 177 W.Va. 29, 350 S.E.2d 541 (1986). In *Cline,* the Court adopted a five factor test for use in deciding whether the public disclosure of information of a personal nature would constitute an unreasonable invasion of privacy:

1. Whether disclosure would result in a substantial invasion of privacy and, if so, how serious?

2. The extent or value of the public interest, and the purpose or object of the individuals seeking disclosure.

3. Whether the information is available from other sources.

4. Whether the information was given with an expectation of confidentiality.

5. Whether it is possible to mould relief so as to limit the invasion of individual privacy.

177 W.Va. at 32, 350 S.E.2d at 543 (citations omitted).

■ Under the standards discussed above, we find there is a substantial and potentially serious invasion of privacy. The microfiche contain sensitive information related to prior injuries to various

---

**2.** West Virginia Code § 29B–1–3(1) (1986) provides that "[e]very person has a right to inspect or copy any public record of a public body in this state, except as otherwise expressly provided by section four [§ 29B–1–4] of this article."

**3.** In pertinent part, W.Va.Code § 23–1–4 (1985) provides that "All proceedings of the commissioner shall be shown on his record of proceedings, which shall be a public record and shall contain a record of each case considered and the award with respect thereto. . . ."

 

body parts. Moreover, the appellant concedes that the records may contain information related to psychiatric diagnoses and treatment.[4] The individual may well object to dissemination of that information without his knowledge and approval for reasons of professional and personal dignity.

The appellant contends he does not need a legitimate interest in order to obtain the information. We disagree and hold that under *Cline*, a legitimate interest is implicit in factor two. In this situation, the appellant was unable to present any substantive interest to justify his "need" for the microfiche. The first contention that the public has a right to know where their tax money is spent is completely erroneous, as the Workers' Compensation Fund is entirely funded by employers' premiums and an annual report listing expenditures is available to one and all. The appellant's next argument that the public has a right to know if a candidate for public office had a psychiatric history may be true, but this issue is totally irrelevant in this context and we do not choose to address it at this time.

Critical to our decision is the fact that the information sought by the appellant is readily available from the same microfiche which the appellant seeks. The appellant concedes the information sought is available by either requesting the information from the Fund or by the appellant doing the microfiche research himself, but points to errors made in obtaining the information. The mere fact that errors are occasionally made by the Workers' Compensation Fund in researching the requested information does not weigh heavily with us. The appellant or his employees are permitted to perform the research personally if he distrusts the Workers' Compensation Fund's search. An individual claimant's right to privacy should not suffer because of occasional errors.

Although we acknowledge that there is a legitimate question regarding a claimant's expectation of confidentiality, it is also clear from the record that the public at large has never had access to the records. Since claimants are required to execute an authorization for a release of their own records, it is probable the claimants expected their records were confidential and free from unnecessary disclosure. In *Cline*, this Court observed that an expectation of confidentiality should not be overcome unless some "overridingly important reason" exists. 177 W.Va. at 34–35, 350 S.E.2d at 544–45. As the reason given by the appellant does not rise even to the level of legitimacy, any expectation of confidentiality is preserved.

In holding the microfiche are exempt from disclosure under the West Virginia Freedom of Information Act, we note there is no need to discuss alternate forms of relief. Clearly, the least intrusive method of providing the necessary information is already in use. Quite simply, the appellant has failed to present, by clear and convincing evidence, a legitimate reason sufficient to overcome the exemption from disclosure found in West Virginia Code § 29B–1–4(2) (1986) when an adequate source of information is already available.

AFFIRMED.

---

4. *See also* W.Va.Code § 27–3–1 (1986), which defines confidentiality and establishes guidelines for the release of records relating to mental health treatment or evaluation.