# District of Columbia
# Court of Appeals

**No. 15-CV-1015**



MARK HAWKINS,

Appellant,

v.

CAB-1618-11

HOWARD UNIVERSITY HOSPITAL,

Appellee.

On Appeal from the Superior Court of the District of Columbia
Civil Division

BEFORE: GLICKMAN, EASTERLY, and MCLEESE, *Associate Judges*.

## J U D G M E N T

This case was submitted to the court on the transcript of record and the briefs filed, and without presentation of oral argument. On consideration whereof, and for the reasons set forth in the opinion filed this date, it is now hereby

ORDERED and ADJUDGED that appellant was entitled to an extension of time, as a matter of law. Accordingly, the Clerk of this court is directed to issue a briefing order, so that the appeal may be considered on the merits.

For the Court:

*Julio A. Castillo*

JULIO A. CASTILLO
Clerk of the Court

Dated: January 12, 2017.

Opinion by Associate Judge Roy W. McLeese.

*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 15-CV-1015

MARK HAWKINS, APPELLANT,

v.

HOWARD UNIVERSITY HOSPITAL, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(CAB-1618-11)

(Hon. Erik P. Christian, Trial Judge)

(Submitted October 5, 2016                    Decided January 12, 2017)

*Denise M. Clark* was on the brief for appellant.

*Ariana Wright Arnold*, of the bar of the State of Maryland, *pro hac vice*, by special leave of court, and *Adonna Bannister Green* were on the brief for appellee.

Before GLICKMAN, EASTERLY, and MCLEESE, *Associate Judges*.

MCLEESE, *Associate Judge*: Appellant Mark Hawkins seeks review of an order denying his motion for an extension of time within which to note an appeal from an order granting summary judgment to appellee Howard University Hospital. We conclude as a matter of law that Mr. Hawkins was entitled to an extension of time.

# I.

Mr. Hawkins filed a complaint against Howard alleging unlawful harassment and discrimination. After the trial court granted summary judgment against Mr. Hawkins on September 9, 2013, Mr. Hawkins filed a timely motion for relief from judgment, pursuant to Super. Ct. Civ. R. 59 (e). Mr. Hawkins also filed a notice of appeal on October 9, 2013, within the time ordinarily required by D.C. App. R. 4 (a)(1). Because a timely motion for relief from judgment was pending in the trial court, this court issued an order requiring Mr. Hawkins to show cause why the appeal should not be dismissed as prematurely filed. In December 2013, having received no response, a motions division of this court issued an unpublished order dismissing Mr. Hawkins's appeal as having been prematurely filed. Counsel for Mr. Hawkins represented in the trial court that she did not receive notice of the order to show cause or of the dismissal of his appeal.

The trial court issued an order on March 24, 2015, denying Mr. Hawkins's motion for relief from judgment. Counsel for Mr. Hawkins represented in the trial court that her staff contacted this court shortly thereafter and was assured that the 2013 notice of appeal had been filed. Counsel for Mr. Hawkins further alleges that

after contacting this court on May 19, 2015, to inquire about the status of the appeal, she learned that this court had dismissed the appeal in December 2013. On May 22, 2015, Mr. Hawkins filed a motion in the Superior Court for an extension of time to file a notice of appeal under D.C. App. R. 4 (a)(5)(A), which requires a showing of excusable neglect or good cause. Mr. Hawkins attached a notice of appeal to his motion for extension of time. The trial court denied the motion.

## II.

Under D.C. App. R. 4 (a)(1), a notice of appeal in a civil case generally must be filed within thirty days after entry of the judgment or order from which the appeal is taken. If a party timely files any of the post-trial motions listed in D.C. App. R. 4 (a)(4)(A), including a timely motion for relief from judgment under Rule 59 (e), the time to file a notice of appeal is tolled and begins to run "from the entry of the order disposing of the last such remaining motion." D.C. App. R. 4 (a)(4)(A). A party may, however, file a notice of appeal after the trial court announces or enters a judgment, but before the trial court disposes of a tolling post-trial motion. In that instance, the notice "becomes effective . . . when the order disposing of the last such remaining motion is entered." D.C. App. R. 4 (a)(4)(B)(ii).

By their plain language, these provisions indicate that an otherwise timely notice of appeal should not be dismissed as premature simply because a tolling post-judgment motion has been timely filed. Rather, such a notice of appeal in effect lies dormant until the post-judgment motion has been decided. If the post-judgment motion is denied, then no further action is required to permit an appeal from the underlying judgment to go forward. If, on the other hand, the post-judgment motion is granted in whole or in part, and the original judgment thus is altered or amended, a new notice of appeal must be filed, even if the party seeks only to challenge a part of the original judgment that was not altered or amended. D.C. App. R. 4 (a)(4)(B)(iii). In addition, if the party wishes to appeal the post-judgment ruling itself, then a separate notice of appeal must be filed. *Id.*

D.C. App. R. 4 (a)(4)(B)(ii) and (iii) are identical in pertinent respects to corresponding provisions in the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 4(a)(4)(B)(i)-(ii). Those federal provisions were amended in 1993. Fed. R. App. P. 4(a) advisory committee note to 1993 amendments ("A notice filed before the filing of one of the specified [post-trial] motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places

jurisdiction in the court of appeals."). The 1993 amendments were intended to address a "trap for . . . unsuspecting litigant[s]" created under the prior version of the rules, because "[m]any litigants, especially pro se litigants, fail to file the second notice of appeal" after the disposition of a post-trial motion. *Id.*

Federal courts applying the post-1993 version of Fed. R. App. P. 4(a)(4)(B) have consistently held that if a party files a notice of appeal after judgment but before disposition of a tolling post-trial motion, the notice of appeal is treated as dormant but then becomes effective once the post-trial motion has been decided. *See, e.g.*, *Malloy v. WM Specialty Mortg. LLC*, 512 F.3d 23, 26 (1st Cir. 2008) (per curiam) (although notice of appeal filed before ruling on post-trial motion to vacate judgment was premature, "notice became effective to appeal the . . . judgment when the court denied the motion to vacate"); *Ross v. Marshall*, 426 F.3d 745, 751-52 (5th Cir. 2005) ("Our court has found that the timely filing of a motion listed in Rule 4(a)(4)(A) suspends or renders dormant a notice of appeal until all such motions are disposed of by the trial court. This holds true regardless of whether the motion was filed before or after the notice of appeal.") (footnote omitted; citing cases); *Hertzner v. Henderson*, 292 F.3d 302, 303 (2d Cir. 2002) (notice of appeal filed before district court ruled on tolling post-judgment motion "became effective" once trial court denied motion); 16A Charles Alan Wright et

al., *Federal Practice and Procedure* § 3950.4, at 393-94 (4th ed. 2008) ("[B]etween 1979 and 1993 Rule 4(a)(4) provided that a notice of appeal filed before the disposition of a Rule 4(a)(4) tolling motion had no effect. This draconian approach was discarded in 1993, and . . . an earlier-filed notice of appeal no longer loses its effect. . . . [W]hen a notice of appeal is filed before or after a party files a timely post-judgment motion that tolls the time to appeal under Rule 4(a)(4)(A)[,] . . . the notice of appeal becomes temporarily ineffective, but later springs to life when the order disposing of the last such remaining tolling motion is entered. Until then the appeal is suspended—dormant—unripe.") (brackets, footnotes, and internal quotation marks omitted).

This court adopted the current version of D.C. App. R. 4 (a)(4)(B) in 2004. *Compare* D.C. App. R. 4 (a) (Lexis 2004 ed.) *with* D.C. App. R. 4 (a) (Lexis 2003 ed.). Under the prior version of our rules, notices of appeal filed after judgment but before disposition of a pending post-trial motion were "deemed premature," depriving this court of jurisdiction to hear the appeal unless a new notice of appeal was filed after the post-trial motion's disposition. *Dyer v. William S. Bergman & Assocs., Inc.*, 635 A.2d 1285, 1287 (D.C. 1993). If the trial court denied the post-trial motion before this court dismissed the notice of appeal, however, this court in

certain circumstances overlooked the prematurity of the notice of appeal. *Carter v. Cathedral Ave. Coop., Inc.*, 532 A.2d 681, 683 (D.C. 1987).

No published decision of this court has addressed the proper interpretation of amended D.C. App. R. 4 (a)(4)(B)(ii)-(iii). We are aware, however, that in a number of unpublished decisions issued since 2004, motions divisions of this court dismissed, as premature, notices of appeal filed after judgment but before the trial court ruled on tolling post-trial motions. *E.g.*, *District of Columbia v. Fraternal Order of Police, Metro. Police Dep't Labor Comm.*, 75 A.3d 259, 263 (D.C. 2013) (noting prior unpublished decision dismissing appeal as premature because post-trial motion was pending). Such unpublished decisions are not binding on us. *See, e.g.*, *O'Rourke v. District of Columbia Police & Firefighters' Ret. & Relief Bd.*, 46 A.3d 378, 383 n.9 (D.C. 2012) ("As the opinion in *Hart* was unpublished, it is not binding precedent."). Relatedly, given the clarity of Rule 4 (a)(4)(B)'s language, we do not view ourselves as obliged to treat the ruling of the motions division in this case as binding under the law-of-the-case doctrine. *See, e.g.*, *Nunnally v. Graham*, 56 A.3d 130, 142 (D.C. 2012) (law-of-case doctrine is discretionary); *Lynn v. Lynn*, 617 A.2d 963, 970 (D.C. 1992) (law-of-case doctrine does not prevent court from revisiting decision that was clearly erroneous and would work

substantial injustice); *Kennedy v. Barry*, 516 A.2d 176, 178 n.3 (D.C. 1986) (declining to treat jurisdictional ruling of motions division as law of case).

The plain language of our current rules indicates that a notice of appeal filed after judgment but before disposition of a tolling post-trial motion should not be dismissed as premature, but rather should be treated as dormant until the post-trial motion has been decided. Moreover, we give substantial weight to federal decisions interpreting the identical language of the federal rules. *See, e.g.*, *TRG Constr., Inc. v. District of Columbia Water & Sewer Auth.*, 70 A.3d 1164, 1167 (D.C. 2013) ("Interpretations of federal rules identical to our rules are accepted as persuasive authority.") (internal quotation marks omitted). We therefore conclude that Mr. Hawkins's original notice of appeal should not have been dismissed but rather should have been treated as dormant during the period after Mr. Hawkins filed the notice of appeal and before the trial court denied the motion for relief for judgment.

In concluding that Mr. Hawkins failed to show excusable neglect for failing to file a timely second notice of appeal, the trial court relied heavily on the premise that Mr. Hawkins could not reasonably have believed that his initial notice of appeal was valid. For the reasons we have explained, we conclude to the contrary.

We see no other basis upon which to uphold the trial court's ruling. Counsel for Mr. Hawkins represented in the trial court that she did not learn until May 19, 2015, that the initial notice of appeal had been dismissed. Mr. Hawkins filed his motion for extension of time three days later. Howard did not oppose that motion in the trial court, and the trial court appears to have assumed the truth of counsel's representations. Although Howard has defended the trial court's ruling in this court, Howard has not asked in the alternative for a remand for the trial court to assess the truthfulness of counsel's representations. Under the circumstances, we think it appropriate to accept the truth of those representations for current purposes. *Cf. Wynn v. United States*, 386 A.2d 695, 698 n.10 (D.C. 1978) (declining to remand for further factual findings where United States did not present evidence at hearing in trial court and did not seek remand on appeal). On that basis, we conclude as a matter of law that counsel for Mr. Hawkins showed adequate diligence in seeking an extension of time within which to file a second notice of appeal from the initial judgment.

Howard argues, however, that Mr. Hawkins's motion for an extension of time must be denied for a different reason: D.C. App. R. 4 (a)(5)(i) required Mr. Hawkins to file a second notice of appeal within sixty days of the order denying

the post-trial motion, which Howard claims Mr. Hawkins failed to do. In fact, Mr. Hawkins attached a second notice of appeal to his motion for extension of time, which was filed within sixty days of the order denying the post-trial motion. Mr. Hawkins thus complied with D.C. App. R. 4 (a)(5)(i).[1]

Under the reasoning that we adopt today, the initial notice of appeal should properly have been treated as dormant rather than dismissed as premature. In theory, the court could therefore reinstate the initial notice of appeal. We do not take that course, however, because Mr. Hawkins has not sought such relief and because taking that course would raise a variety of unsettled procedural questions, such as what division of the court should appropriately decide whether to recall the mandate dismissing the initial appeal. Rather, we simply conclude that, as a matter of law, Mr. Hawkins showed excusable neglect, thus rendering timely the notice of appeal attached to his May 22, 2015, motion for an extension of time. "Accordingly, we think it appropriate to treat this appeal as though [appellant]

---

[1] We note one potential limitation. If Mr. Hawkins wanted to raise a separate challenge to the trial court's denial of the Rule 59 (e) motion, then he was required to file a timely notice of appeal from that denial even if his original notice of appeal was sufficient to obtain review of the underlying judgment. D.C. App. R. 4 (a)(4)(B)(iii). Mr. Hawkins did not timely file such a notice, and he has not attempted to show good cause or excusable neglect for that failure. It is not clear, however, whether Mr. Hawkins seeks to raise a separate challenge to the Rule 59 (e) motion, or whether instead all of the claims he wishes to raise may be raised in an appeal from the underlying judgment.

obtained the necessary extension from the trial court . . . ." *Clark v. Bridges*, 75 A.3d 149, 153 (D.C. 2013); *see also, e.g.*, *Gibbs v. Frisco City, Ala. Police Dep't*, 626 F.2d 1218, 1221 (5th Cir. 1980) ("We therefore reverse on the finding of no excusable neglect and hold the notice of appeal was timely filed and proceed to a review of the case on the merits."); *cf. United States v. Andrews*, 790 F.2d 803, 807 (10th Cir. 1986) ("[W]e conclude as a matter of law that Andrews has established excusable neglect. We therefore have jurisdiction to consider the merits of his appeal.") (citation omitted).

In sum, we deem Mr. Hawkins's May 22, 2015, filing to be a timely notice of appeal from the underlying judgment. The Clerk of this court is directed to issue a briefing order, so that the appeal may be "consider[ed] on the merits." *Clark*, 75 A.3d at 153-54.

*So ordered.*