# District of Columbia
# Court of Appeals

No. 15-CV-627

JOYCE LITTLE,

Appellant,



FILED

FEB **16** 2017

DISTRICT OF COLUMBIA
COURT OF APPEALS

**CAB-3484-15**

V.

DOYLE P. MITCHELL, *et al.*,

Appellees.

BEFORE:   Thompson and Beckwith, Associate Judges, and Farrell, Senior Judge.

# ORDER

## I.

This matter arose out of a civil lawsuit filed by appellant, Joyce Little, against appellees, Doyle Mitchell, President of Industrial Bank, and Anne Meister, Register of Wills for the Probate Division of the Superior Court of the District of Columbia. On May 13, 2015, appellant filed her *pro se* complaint. On May 14, 2015, she filed a motion for sanctions, and on May 18, 2015, she filed a motion for recusal. On May 27, 2015, defendant Mitchell filed a motion to dismiss for failure to state a claim or, in the alternative, for a more definitive statement. On June 8, 2015, defendant Meister similarly moved to dismiss for failure to state a claim and on the ground that, as the Register of Wills, she was entitled to judicial immunity. On June 1, 2015 — before the Superior Court ruled on appellant's pending motions, before the court ruled on defendant Mitchell's motion to dismiss, and before defendant Meister filed her dismissal motion — appellant filed her Notice of Appeal.

It was not until June 23, 2015, that the Superior Court (the Honorable Brian F. Holeman) entered the omnibus order that appellant challenges in her brief on

appeal.[1]  The Superior Court docket sheet shows that the court also did not issue any ruling from the bench prior to issuing that written order.  Not surprisingly therefore, appellant's June 1, 2015, Notice of Appeal failed to identify any decision, order, or judgment from which she purported to appeal.  Although appellant states in her brief on appeal that she filed notices of appeal on July 1, 2015, and July 31, 2015, this court's records reflect no such notices of appeal, and the Superior Court docket sheet likewise contains no entry of a notice of appeal filed by appellant after June 1, 2015.

## II.

For a notice of appeal to be timely in a civil case, it must be filed (1) within thirty days after a judgment, or (2) within thirty days of the issuance of an order from which the appeal is taken.  *See* D.C. App. R. 4 (a)(1).  Subject to a few exceptions not applicable here,[2] "[t]his time limit is mandatory and jurisdictional." *Frain v. District of Columbia*, 572 A.2d 447, 449 (D.C. 1990).  Moreover, the notice of appeal must "designate the judgment, order, or part thereof being appealed."  D.C. App. R. 3 (c)(1)(B).  Failure to designate in the notice the judgment or order being appealed will "deprive the court of jurisdiction to consider the appeal."  D.C. App. R. 3 (c)(5).

Appellant's brief raises claims with respect to the Omnibus Order and Permanent Injunction issued on June 23, 2015, but this court lacks jurisdiction to entertain appellant's claims for two reasons:  (1) because the sole Notice of Appeal, filed over three weeks before any decision, judgment, or order was

---

[1]  The June 23, 2015, "Omnibus Order and Permanent Injunction" dismissed appellant's complaint; denied as moot her motions for sanctions and recusal and her June 3, 2015, motion to amend the case caption; and barred her from future filings in the Superior Court without leave of court.

[2]  *See, e.g.*, D.C. App. R. 4 (a)(2) ("A notice of appeal filed after the court announces a decision or order--but before the entry of the judgment or order--is treated as filed on the date of and after the entry."); *Hawkins v. Howard Univ. Hosp.*, No. 15-CV-1015, 2017 WL 128569, at *1 (D.C. Jan. 12, 2017) (recognizing an exception to the thirty-day rule when a litigant files "a notice of appeal after the trial court announces or enters a judgment, but before the trial court disposes of a tolling post-trial motion").

announced or entered in the case, was untimely under D.C. App. R. 4 (a)(1); and (2) because the Notice of Appeal did not designate any judgment or order being appealed (no decision, judgment, or order having been made, entered, or issued as of the date of the Notice of Appeal).

Accordingly, it is hereby ORDERED that this appeal is

*Dismissed for lack of jurisdiction.*